Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3453 | **DATE** | 2/7/2011 |
| **CASE TITLE** | IWOI, LLC vs. Monaco Coach Corporation, et al | | |

**DOCKET ENTRY TEXT**

Enter Written Opinion.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

This case involves a Magnuson-Moss breach of warranty claim and claims under the Illinois Consumer Fraud and Deceptive Business Practices Act. The brief background is that defendants sold plaintiff a $222,500.00 motor home ("RV") and now claim that defendants concealed, at the time of a sale, that the RV contained material manufacturing defects. Back in October of last year, we had ordered that certain electronic discovery is to proceed, at plaintiff's expense, because plaintiff had demonstrated that during the discovery process certain documents were not produced by defendants. At that time, the Court, with the agreement of the parties, limited this additional e-discovery to only a limited number of computers (4) and restricted the search to only two days.

Three status hearings on this particular subject have ensued since that time. Per the Court's previous minute order, on January 27, 2011, because of the parties continued difficulties in completing this additional discovery, the Court outlined how the search was to proceed. The Court also made part of the order the specific search terms plaintiff would be allowed to use. It was at this time that the issue of privilege, for the first time, seemed to be emerging as a hold-up to the discovery process. So the Court also instructed the parties to agree to a protective order, to be drafted by defendants, to ensure the confidentiality of the documents to be searched. Defendants submitted their proposed protective order but, unfortunately, the parties were unable to agree to any of the terms.

Due to the parties' on-going disagreements, on February 1, 2011 the Court, on its own, drafted a protocol and protective order that provided for not only a claw-back provision but also the sequestering of certain documents that would be reviewed by defendants' counsel and their client prior to a review by plaintiff's counsel. The Court drafted this provision to provide defendants with their additionally requested protection: to catch potentially privileged information. To ensure that this part of the search was clear to all parties, and to plaintiff's expert performing the search, the Court first requested the names of defendant's counsel who would have had direct client contact (and thereby be subject to potential privilege issues). Those names could then be searched separate and apart from the rest of the discovery process. On February 4, 2011, defendant's counsel provided this list to

| STATEMENT |
|---|
| the Court.

What the Court received, however, was a list of no less than 30 attorneys, from 12 different law firms, 7 paralegals, and 9 individuals' names who were, apparently, not counsel but technical specialists. We must note, again, that all parties knew that this search was to take place back in October 2010, and was intended to be completed before the end of last year. Three status hearings later defendants have attempted to insert a completely new set of restrictions to this discovery, and with no real explanation as to the identity of some of these individuals, or why such limitations are necessary.

At the parties' last hearing on this discovery issue the schedule was set and the search is now to take place this week. We can only conclude, at this late hour, that defendants are trying to delay, or perhaps even, prevent this search from going forward. Again, we note that the ruling on this issue was finalized on October 21, 2010 - with three status hearings since that time - and it was not until this last hearing that defendants even mentioned the possibility that the search may jeopardize a potential attorney client privilege. Despite this late request, the Court made attempts to include additional protections in the proposed protective order. But due to the overwhelming submission by defendants, with multiple unknown - and seemingly unrelated names - we are left with no choice but to limit defendants' list to only those names that we know to be involved in this case. The three attorneys' names who have appearances on file for defendants will, therefore, be included in the protocol and protective order as those names that are to be searched separately from the rest of the discovery process. |