## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3453 | **DATE** | 8/28/2012 |
| **CASE TITLE** | IWOI, LLC vs. Monaco Coach Corp. et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on objections [267] filed by Defendants Barrington Motor Sales & Service, Inc., Bryan Bransky, and Sean Bransky ("Defendants") to Magistrate Judge Cox's August 1, 2011 order [263] ordering Defendants to pay $12,383.84 as a sanction for a discovery violation. For the reasons stated below, Defendants' objections [267] are overruled and Judge Cox's order is affirmed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The relevant background for consideration of Defendants' objections begins with not with Magistrate Judge Cox's August 1, 2011 order, but rather with her prior memorandum opinion and order of May 24, 2011 [242] granting in part and denying in part Plaintiff's motion for sanctions. In that ten-page opinion, Judge Cox set forth in detail the procedural history of this case, including the "joint intransigence" of the parties both in discovery management and in their litigation positions in general [see 242, at 6]. In a balanced and thoughtful opinion, Judge Cox concluded that Defendants' failure to produce an "important" document was "such an obvious discovery violation" that it was appropriate to shift to Defendants half of the cost of the electronic search pursuant to which the document was found. [See 242, at 9-10.] Defendants do not appeal that ruling; rather, they appeal the subsequent ruling [263] in which Judge Cox determined the actual amount of the sanction.

Prior to the August 1 order, Judge Cox directed Plaintiff to submit a bill of costs and took full briefing on the Defendants' objections and Plaintiff's response in defense of the costs submitted [see 243, 247, 256, 259, 262]. As Judge Cox noted, although the invoices attached to Plaintiff's submission reflected almost $66,000 in fees and costs, Plaintiff's actual bill of costs requested only $24,767.68. Defendants objected on several grounds: (1) the time spent by Plaintiff's computer consultant was inflated; (2) the consultant billed for time for data retrieval beyond that contemplated by the court; (3) the consultant billed time working on legal matters; (4) Plaintiff claimed costs after the filing of its sanctions motion; (5) Plaintiff billed for equipment charges; and (6) Plaintiff's explanation of the discrepancy between the amount set out in the invoices and the amount requested in the bill of costs was confusing. Judge Cox considered each of these objections, but ultimately rejected them all in her ruling imposing on Defendants half of the total sum requested – a total award of $12,383.84. That sum did not include any of the fees or costs incurred by Plaintiff associated with the preparation or filing of the motion for sanctions itself, even though Plaintiff prevailed in part on the motion.

## STATEMENT

In their objections filed with this Court, Defendants' principal contention is that the total award should be reduced to half of $10,000 because Plaintiff never provided "any meaningful justification or explanation" [see 267, at 2] for any costs beyond the $10,000 cap that the consultant agreed to charge for data review and analysis following the electronic search of Defendants' data. In the alternative, Defendants submit that the award should be reduced to half of $20,000 based on Defendants' assessment of specific line items of the consultant's invoices. In undertaking that assessment, Defendants organized the consultant's time and expense entries into a spreadsheet, organized and sorted the data into coded categories, and then evaluated each group of entries to isolate objectionable charges. On the basis of Defendants' analysis, they concluded that at least $4,600 of the almost $24,800 that Judge Cox found reasonable should be deducted.

Because the award of monetary sanctions for a discovery violation is a non-dispositive matter, the proper standard of review is provided in Fed. R. Civ. P. 72(a). Under Rule 72(a), a Magistrate Judge's ruling on non-dispositive matters will be set aside only if it is "clearly erroneous or contrary to law." As an initial matter, Defendants accept that the consultant's capped fee of $10,000 for data analysis was reasonable. The Court therefore turns to Defendants' objections in each of the broad categories into which Defendants have lumped Plaintiff's asserted costs [see 267-3].

Even if the Court simplifies the analysis by accepting all of Defendants' objections in four categories – hearing attendance, other, search terms, and hardware – the Court's assessment of Defendants' position as to the three remaining categories alone reveals both the reasonableness of Judge Cox's disposition and absence of any basis for concluding that she abused her discretion in setting the amount of the sanction. First, Defendants' proposal to slash the reasonable fees for communications by the consultant with counsel for both sides gives short shrift to the legitimate need for the consultant to engage in some communication with both sides in effectively performing his role in the case. Second, Defendants' argument for eliminating almost all of the consultant's charges in connection with "legal activities" misses the mark because it overlooks the role of the consultant in translating his technical findings into arguments that would be comprehensible to the court. Third, in regard to data retrieval, Judge Cox persuasively explained that the 18 hour limit that she placed on the consultant's actual time at Defendants' facility was meant to avoid additional inconvenience to Defendants at their work place, not to impose a strict limit on the consultant's activities as a whole in regard to data retrieval and recovery. In each of these three areas, Defendants take an overly restrictive view of reasonable costs in light of the consultant's useful (perhaps even essential) role in resolving the disputed discovery matter raised in Plaintiff's original motion for sanctions.

In view of the foregoing analysis and the relatively narrow gap (about $9,000) between the charges submitted by Plaintiff in the three areas analyzed above and the amounts acknowledged to be reasonable by Defendants, there is no need to parse through the objections on a line-by-line basis. Even if half of the disputed amount were properly recoverable – as they appear to be – then the sum awarded by Judge Cox was eminently fair and clearly not an abuse of discretion. Indeed, given the deferential standard of review, the disposition of Defendants' objections would have been the same even if Judge Cox had she imposed, within reason, a larger or lower sanction. Moreover, had the applicable standard of review been de novo, this Court would have been more likely to have increased the amount of reasonable costs charged to Defendants than to have reduced it the circumstances presented here. But the standard is abuse of discretion, and finding none present on the objections presently before the Court, the objections [267] to the August 1, 2011 order entered by Magistrate Judge Cox are overruled and the August 1 order [263] is affirmed in its entirety.

As previously explained [see 300], with this ruling all federal claims and all pending matters before this Court have been resolved. Accordingly, the Court will reissue the memorandum opinion and order originally

**STATEMENT**

entered on August 20, 2012 [297] and vacated yesterday to ensure the Court's jurisdiction to enter this order resolving Defendants' objections to the sanctions order. As the Court previously explained [see 297] and will reiterate in the forthcoming (reissued) memorandum opinion and order, Plaintiff's supplemental state law claims are dismissed without prejudice to refiling in state court.