Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3453 | **DATE** | 3/6/2013 |
| **CASE TITLE** | IWOI, LLC vs. Monaco Coach Corp. et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendants' Amended Bill of Costs [309-2] and Plaintiff's Response and Objections to Defendants' Amended Bill of Costs [312]. For the reasons stated below, the Court grants in part Defendants' Amended Bill of Costs [309-2] and awards Defendants $4,263.00 in costs.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Following entry of judgment in their favor [305], Defendants Barrington Motor Sales and Service, Inc., Sean Bransky, and Bryan Bransky ("Defendants") filed a bill of costs [309]. Plaintiff IWOI, LLC timely objected [308]. Defendants then sought leave to respond to Plaintiff's objections and to file an amended bill of costs [309]. The Court granted the requested leave to file [311], and Plaintiff filed a response objecting to the amended bill of costs [312].

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). In other words, only "exceptional circumstances" warrant a complete denial of costs. *Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996).

Plaintiff alleges that such exceptional circumstances were present here. Plaintiff points chiefly to Defendants' failure to produce a highly relevant e-mail, a misstep for which Magistrate Judge Cox imposed $12,383.84 in sanctions, [242], [263], a penalty that this Court affirmed [301]. Plaintiff contends that this sanctioned offense, along with a few other discovery transgressions, see [312-1] at 2-4, unnecessarily prolonged the litigation and therefore warrants "a complete refusal to award any of Defendants' costs." [312] at 2.

As Judge Pallmeyer has noted, "Plaintiffs are correct that obstruction of discovery might, in some context,

| STATEMENT |
|---|

constitute the type of 'misconduct' that could warrant a denial of costs." *Beam v. Petersen*, 2011 WL 4431815, at *2 (N.D. Ill. Sept. 22, 2011). Yet, just as in *Beam*, in which Plaintiffs also "were required to move to compel discovery, and * * * the court directed Defendant to comply with those discovery requests," *id.*, Defendants' alleged discovery misconduct in this case, while unfortunate and by no means condoned, does not rise to the level of exceptional. The examples of exceptional misconduct described in the case law are far more egregious. In *Overbeek*, for instance, the "exceptional circumstances" included needless pursuit of a trial in the face of "over a dozen offers of the policy limit," an unexplained three-year absence by counsel, and an appeal seeking punitive damages from judgment-proof defendants, all of which prolonged the case for more than eight years. *Overbeek*, 101 F.3d at 1228. Even cases in which discovery violations constitute the bulk of the alleged misconduct require more egregious conduct than the conduct here to warrant a complete denial of sanctions. For instance, in *Fairley v. Andrews*, 2008 WL 961592, at *2 (N.D. Ill. Apr. 8, 2008), the court "presided over 146 contested motions – mostly concerning discovery disputes – the vast majority of which were resolved in Plaintiffs' favor," found that "Defendants' attorneys engaged in repeated obstreperous pretrial conduct," and sanctioned Defendants "for failure to comply with this Court's discovery orders on multiple occasions." The court recognized these circumstances as "exceptional," but still found they warranted only a reduction in rather than a complete denial of costs. See *id.* at *3. The alleged misconduct here falls well short of that in *Overbeek* and *Fairley* and accordingly does not justify a complete denial of costs.

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Defendants claim $4,598.60 in costs.

A.    **Court Reporting & Transcription Fees – 28 U.S.C. § 1920(2).**

Defendant seeks $4,306.70 in court reporting fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b). That rate is currently $3.65 per page for an original transcript, $4.85 per page for an expedited transcript, $6.05 per page for a daily-rate transcript, and $.90 per page for a party's first copy of either of these types of transcript. See http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.

Plaintiff does not dispute Defendants' claims of $565.75 for the transcript of Robert Woischke's deposition; $329.40 for copies of transcripts from the depositions of Lawrence Bally, Bryan Bransky, Alfonzo Ruiz, Frederick Franklin, Sean Bransky; $459.90 for the transcript of Kevin Vosburgh's deposition; $419.75 for the transcript of Philip Grismer's deposition; $150.35 for an expedited transcript of proceedings before Judge Cox; or $72.60 for Defendants' half of a daily-rate transcript of proceedings before Judge Cox. [FN 1]. Because these depositions appear reasonably necessary and are billed at rates within the range of those approved by the Judicial Conference, the Court awards Defendants $1,997.75 for these transcripts.

| STATEMENT |
|---|

> [FN 1] Plaintiff disputed Defendants' claim for the expedited transcript in its objections to Defendants' original bill of costs. After Defendants filed an amended bill of costs, Plaintiff filed a "Response and Objections to Defendants' Amended Bill of Costs" that did not include any argument about the expedited transcripts. See [312]. Plaintiff did attach its objections to Defendants' original bill of costs, but expressly reincorporated only arguments in support of its contention that Defendants are not entitled to any costs. See [312] at 2. It is the losing party's burden to overcome the presumption that costs are to be awarded, see *Rivera v. City of Chi.* 469 F.3d 631, 634-35( 7th Cir. 2006), and Plaintiffs did not make an effort to carry that burden with respect to the expedited or daily-rate transcripts.

Plaintiff does dispute certain other deposition costs claimed by Defendants. First, Plaintiff contends that separately charged "delivery fees" associated with several depositions for which Defendants' per-page costs were below the Judicial Conference maximum are not recoverable. The Court disagrees. The Seventh Circuit has made clear that costs for "delivery services" are authorized by § 1920. See *Little*, 514 F.3d at 701; see also *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) ("The Finchums further challenge the award of costs 'incidental' to the taking of the depositions, claiming these costs, such as *per diem* and delivery charges by the court reporter, are not specifically mentioned in the statute. We have, however, upheld the award of such costs in the past and we find no reason to disturb the district court's exercise of discretion to award such costs in this instance."). Moreover, if the delivery fee were rolled into the per-page rates for these depositions, the per-page rates would still be well within the maximum set by the Judicial Conference. The Court awards Defendants the requested $2,042.55 for these transcripts of the depositions of George Reich, Robert Richoz, David Heitzmann, and Jesse Romero.

Second, Plaintiff contends that Defendants should not recover any of the $266.40 of costs (including a separately billed delivery fee) associated with the second deposition of Sean Bransky, which Magistrate Judge Cox ordered after Plaintiff discovered an e-mail of Bransky's that Defendants failed to produce. Although this transcript was "reasonably necessary" to the litigation, leave to take the second Bransky deposition was granted in light of Defendants' failure to produce a crucial e-mail, conduct for which Defendants were sanctioned. In view of Defendants' misconduct, imposing costs associated with the second deposition of Bransky would not be reasonable.

The Court awards Defendants a total of $4,040.30 in transcript-related costs.

**B.     Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)**

Defendants also seek $291.90 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

Plaintiff contends that Defendants' claimed cost of $16.00 to obtain a copy of Woischke's driving record – which was ultimately blank – is unnecessary. Given the subject matter of this litigation, however, Woischke's

| STATEMENT |
|---|

driving record was potentially relevant, Defendant would have been unable to determine its potential usefulness without obtaining a copy, and the cost of obtaining such a record was not within Defendants' control. The Court overrules Plaintiff's objection and awards Defendants the requested $16.00.

Plaintiff also contends that Defendants' claimed photocopying costs of $69.20 are insufficiently documented to demonstrate their reasonableness or necessity. Defendant has attached invoices documenting the claimed photocopying costs. The invoices contain statements such as "Photocopies (181 @ $.10)." Although the per-copy cost of $.10 is reasonable, see, *e.g.*, *Kaplan v. City of Chi.*, 2009 WL 1904789, at *4 (N.D. Ill. July 6, 2009) ("[C]ourts in this district have found photocopying costs between $.10 and $.20 per page to be reasonable."), and a total of 692 photocopied pages during contentious litigation that has now spanned more than five years is also reasonable, the Court is unable to discern from the scant descriptions either the content or purpose of the photocopies. This Court has previously found sufficient "vague" descriptions such as "Document Bates Stamped 1932 /1 pg. @ $.10 ….. $193.20," *Phillips v. Allen*, 2011 WL 1884558, at *3 (N.D. Ill. May 6, 2011), but the descriptions here are even less informative, such that the Court cannot discern whether they were necessary or merely for attorney convenience. Accordingly, the Court denies Defendants' request for these photocopying costs. See *Sato & Co., LLC v. S & M Produce, Inc.*, 2010 WL 3273927, at *6 (N.D. Ill. Aug. 16, 2010).

Plaintiff does not object to the $206.70 Defendants have claimed for photocopying discovery photographs for use by their expert. As the $.65 rate for copying photographs is reasonable, see, *e.g.*, *Marcus & Millichap Real Estate Inv. Servs. Inc. v. Sekulovski*, 2010 WL 145785, at *11 (N.D. Ill. Jan. 12, 2010), the Court awards these costs.

In summary, the Court awards Defendants $222.70 in photocopying and exemplification costs and $4,040.30 in transcript-related costs, for a total of $4,263.00.